**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RICHARD DOUGAN,**

            **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1409-Orl-22KRS**

**ARMITAGE PLUMBING, LLC, THOMAS
ARMITAGE, and ANGELA ARMITAGE,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO DISMISS CERTAIN AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT (Doc. No. 12)**
>
> **FILED:** **October 20, 2011**

Plaintiff Richard Dougan asks the Court to dismiss the First, Second, Third, Eighth, Eleventh, Thirteenth, Fifteenth and Seventeenth Affirmative Defenses asserted by Defendants for failure to state a claim on which relief can be granted and to strike the demand for attorney's fees.

Dougan argues that affirmative defenses must set forth facts sufficient to establish to show that the defense "'is plausible on its face,'" as required by the United States Supreme Court with respect to complaints. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The *Iqbal* decision was based on Fed. R. Civ. P. 8(a)(2), which requires a pleading that states a claim for relief to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* An

affirmative defense is not a claim for relief, it is a defense. Therefore, it does not appear that *Iqbal* should apply to affirmative defenses. *See Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011).

Nevertheless, an affirmative defense must give the plaintiff fair notice of issues that may be raised at trial. *Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988) (citing *Blonder-Tongue Labs, Inc. v. Univ. of Ill. Foundation*, 402 U.S. 313, 350 (1971). The Court will consider each challenged affirmative defense under the "fair notice" standard. In undertaking this review, the Court notes that the motion to dismiss was filed before the mandatory exchange of information and informal settlement conference required by the FLSA Scheduling Order.[1] Therefore, adequate notice must be viewed from the standpoint of Defendants who had not received disclosure of the required information from Plaintiff when the affirmative defenses were asserted.

### First Affirmative Defense

In their first affirmative defense, Defendants allege that "Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted." Doc. No. 9 at 4. Although failure to state a claim on which relief can be granted is not technically an affirmative defense[2], Fed. R. Civ. P. 12(b)(6) requires that the defense of failure to state a claim be asserted in a responsive pleading or by motion. The defense of failure to state a claim is construed as a specific denial of Plaintiff's

---

[1] The Court's FLSA Scheduling Order is designed to require the parties to exchange basic information and engage in settlement discussions early in the case to avoid needless litigation and discovery.

[2] The United States Court of Appeals for the Eleventh Circuit distinguishes defenses that point out a defect in the plaintiff's *prima facie* case from affirmative defenses that raise matters extraneous to the plaintiff's *prima facie* case. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988).

-2-

claim. *See, e.g., Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at * 2 (S.D. Fla. Sept. 8, 2008). Therefore, the assertion of this defense provides the Plaintiff with fair notice without further allegations of fact. *Id.*

Second Affirmative Defense

In their second affirmative defense, Defendants allege as follows:

> Plaintiff's claims are barred because any alleged acts or omissions by
> Defendants were in good faith conformance with a written
> administrative regulation, order, ruling approval, or interpretation by
> the Administrator of the Wage and Hour Division of the U.S.
> Department of Labor or an administrative practice or enforcement
> policy of such agency and/or judicial orders and interpretations with
> respect to the class of employers to which Defendants belong.

Doc. No. 9 at 4-5. This affirmative defense gives Plaintiff adequate notice that Defendants may rely on administrative provisions to support the manner in which they paid Plaintiff.

Third Affirmative Defense

In their third affirmative defense, Defendants allege that "[t]he claims of Plaintiff are barred, in whole or in part, to the extent the time periods for which he is claiming entitlement to overtime pay are *de minimus*." Doc. No. 9 at 5. A *de minimus* defense can be asserted under the FLSA. *See, e.g., Davis v. Charoen Pokphand (USA), Inc.*, 302 F. Supp. 2d 1314, 1322 (M.D. Ala. 2004). Accordingly, this affirmative defense gives Plaintiff adequate notice.

Eighth Affirmative Defense

In their eighth affirmative defense, Defendants allege that "[t]he claims of Plaintiff are barred, in whole or in part, by statutory exclusions, exceptions, or credits under the FLSA." Doc. No. 9 at 5. This affirmative defense gives Plaintiff adequate notice that Defendants may rely on legal provisions of the FLSA to support the manner in which they paid Plaintiff.

### Eleventh Affirmative Defense

In their eleventh affirmative defense, Defendants allege that they "cannot be liable for liquidated damages in the circumstances of this case because Defendants at all times acted in good faith and had reasonable grounds for believing their acts or omissions were not a violation of the FLSA." Doc. No. 9 at 6. This affirmative defense gives Plaintiff adequate notice. *See Curry v. High Springs Family Practice Clinic and Diagnosis Center Inc.*, No. 1:08-cv-8-MP-AK, 2008 WL 5157683, at * 3 (N.D. Fla. Dec. 9, 2008).

### Thirteenth Affirmative Defense

In their thirteenth affirmative defense, Defendants allege that if they "violated the FLSA they are entitled to a set-off from any amount awarded to the extent Plaintiff was overpaid or compensated for hours that he did not work." Doc. No. 9 at 6. An affirmative defense of set-off may be asserted in an FLSA case although such a set-off may not reduce the amount a plaintiff will receive below the statutory minimum wage. *See, e.g., King v. ITT Educational Servs., Inc.*, No. 3:09-cv-848-J-32MCR, 2009 WL 3583881, at * 3 (M.D. Fla. Oct. 27, 2009). Therefore, this affirmative defense gives Plaintiff adequate notice.

### Fifteenth Affirmative Defense

In their fifteenth affirmative defense, Defendants allege that "Plaintiff is not entitled to attorney's fees or costs because of his and his counsel's failure to attempt pre-suit resolution (in good faith) of the alleged claims." Doc. No. 9 at 6. This affirmative defense gives Plaintiff adequate notice that Defendants intend to rely upon *Sahyers v. Prugh, Holliday & Karatinos, P.L.*, 560 F.3d 1241 (11th Cir. 2009), in support of an argument that, if Plaintiff prevails, the reasonable attorney's fee is zero.

### Seventeenth Affirmative Defense

In their seventeenth defense, Defendants "reserve the right to raise additional defenses that arise during discovery." Doc. No. 9 at 6. This affirmative defense is inappropriate and ineffectual because Defendants must seek leave to file additional affirmative defenses pursuant to Fed. R. Civ. P. 15. While this Court does not condone Defendants attempt to reserve a "right" they do not have, Plaintiff's motion to dismiss this affirmative defense was also unnecessary as he cannot be prejudiced by this affirmative defense.

### Attorney's Fees

Finally, Plaintiff moves to strike the prayer for attorney's fees in the answer. Doc. No. 9 at 7. Attorney's fees can be awarded to prevailing Defendants in FLSA cases when it is shown that Plaintiff litigated the case in bad faith. *See, e.g., Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998). Therefore, the motion to strike the prayer for attorney's fees is also not well taken.

### **RECOMMENDATION**

Based on the foregoing report, I **respectfully recommend** that Plaintiff's Motion to Dismiss Certain Affirmative Defenses to Plaintiff's Complaint (Doc. No. 12) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 14, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE