**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**RICHARD DOUGAN,**

                **Plaintiff,**

**-vs-**                                                **Case No. 6:11-cv-1409-Orl-22KRS**

**ARMITAGE PLUMBING, LLC, a Florida
Limited Liability Company, THOMAS
ARMITAGE, individually, and ANGELA
ARMITAGE, individually,**

                **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 31)**
>
> **FILED:**       **March 6, 2012**

Plaintiff Richard Dougan and Defendants Armitage Plumbing, LLC, Thomas Armitage, and Angela Armitage seek the Court's approval of their settlement of claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq. See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

In his complaint, Dougan alleges that Defendants failed to pay him overtime compensation due under the FLSA. In his answers to the Court's interrogatories, Dougan averred that he was owed $2,797.48 in overtime compensation and an equal amount in liquidated damages. Doc. No. 25-1 at 1. Under the settlement agreement, Dougan will receive $1,350.00 and an equal amount in liquidated damages. Doc. No. 31-1 at 2. Therefore, Dougan has compromised his FLSA claim.

The parties conducted some initial discovery, including the exchange of all the time and pay records concerning the hours worked by Dougan. The parties disagree about the number of overtime hours that Dougan worked because he maintained his time and attendance records by hand. The Defendants contend that the records are not reliable and do not accurately detail the hours worked. The parties also disagree about whether Dougan should be compensated at a time and a half rate for all overtime worked or at a half-time rate. Doc. 31 at 4. Also, the Defendants deny that Dougan was improperly classified under the FLSA and not fully compensated for the hours he worked. Doc. No. 31 at 5. This adequately explains the reason for the compromise.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[1] When the attorney's fees are agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Under the settlement agreement, counsel for Dougan will receive $3,000.00 in attorney's fees and costs. Doc. No. 31 at 6. Counsel for the parties "resolved Plaintiff's underlying claims initially and subsequently separately negotiated the amount of reasonable attorneys' fees and costs due to Plaintiff's counsel." *Id.* at 5 n.1. Under these circumstances, the Court need not determine whether the attorney's

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

fees are reasonable as the settlement otherwise appears to be reasonable.

The parties do not ask that the Court reserve jurisdiction to enforce the settlement agreement.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** the Joint Motion for Approval of Settlement Agreement, Doc. No. 31;

3. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

4. **DECLINE** to reserve jurisdiction to enforce the settlement agreement;

5. **DISMISS** the case with prejudice; and,

6. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 20, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy